# MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District<br>SOUTHERN DISTRICT OF TEXAS<br>BROWNSVILLE DIVISION | |
|---|---|---|
| Name of Movant<br>WILLIAM GEOVANY VIVRAR-LOPEZ | Prisoner's No.<br>62678-079 | Docket No.<br>B-98-00552-01 |
| Place of Confinement<br>U.S.P. Beaumont, P.O. Box 26030 Beaumont, Texas 77720-6030 | | |
| UNITED STATES OF AMERICA | (Include name upon which convicted)<br>V  WILLIAM GEOVANY VIVRAR-LOPEZ<br>(Full name of movant) | |

United States District Court
Southern District of Texas
FILED
NOV 21 2000
Michael N. Milby
Clerk of Court

B-00-181

## MOTION

1. Name and location of court which entered the judgment of conviction under attack
   U.S. District Court, Southern Dist. of Texas, Brownsville Division

2. Date of judgement of conviction  January 7th, 1999

3. Length of sentence  8 years

4. Nature of offense involved (all counts)  count one: 8 U.S.C. §1324(A)(1)(A)(V)(1)
   count two: 8 U.S.C.§1324(A)(1)(ii) and 1324(A)(1)(A)(11)

5. What was your plea? (Check one)
   (a)  Not guilty  ☐
   (b)  Guilty  ☒
   (c)  Nolo contendere  ☐

6. Kind of trial: (Check one)
   (a)  Jury  ☐
   (b)  Judge only  ☒

7. Did you testify at trial?
   Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒  No ☐

9. If you did appeal, answer the following:

   (a) Name of court   **FIFTH CIRCUIT COURT OF APPEALS**

   (b) Result   **DENIED**

   (c) Date of Result   _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgement in any federal court?
    Yes ☐  No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court   _____

       (2) Nature of proceedings   _____

       (3) Grounds raised   _____

       _____

       _____

       _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
       Yes ☐  No ☐

       (5) Result   _____

       (6) Date of result   _____

    (b) As to any second petition, application or motion, give the same information:

       (1) Name of Court   _____

       (2) Nature of proceeding   _____

       (3) Grounds raised   _____

       _____

       _____

       _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
       Yes ☐  No ☐

   (5) Result _____

   (6) Date of Result _____

 (c) As to any third petition, application or motion, give the same information:
   (1) Name of Court _____
   (2) Nature of proceeding _____

_____

   (3) Grounds raised _____

_____

_____

_____

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
   Yes ☐  No ☐

   (5) Result _____

   (6) Date of Result _____

 (d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on a petition, application or motion?
   (1) First petition, etc.  Yes ☐  No ☐
   (2) Second petition, etc. Yes ☐  No ☐
   (3) Third petition, etc.  Yes ☐  No ☐

 (e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this matter, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in thes proceedings. Each statement preceded by a letter constitutes a separate ground for relief. You may raise any ground which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, yo must allege facts. The motion will be returned to you if you merely check (a) through (j) or any or of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntary or with understanding of the nature of the charge and the consequences of the plea.
(b) Convictions obtained by use of coerced confession.
(c) Convictions obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Convictions obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Convictions obtained by a violation of the protection against self-incrimination.
(f) Convictions obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Convictions obtained by the violation of the protection against double jeopardy.
(h) Convictions obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(I) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: **Breach of Plea-Agreement**

**See attached memorandum of law**

Supporting FACTS (tell your story briefly without citing cases or law): _____

B. Ground two: **Constructive Amendment of Indictment**

**See attached memorandum of law**

Supporting FACTS (tell your story briefly without citing cases or law): _____

C. Ground three: **Ineffective Assistance of counsel**

**See attached memorandum of law**

Supporting FACTS (tell your story briefly without citing cases or law): _____

D. Ground four: _____

_____

_____

_____

_____

Supporting FACTS (tell your story briefly without citing cases or law): _____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgement under attack? Yes ☐ No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages the judgement attacked herein:

(a) At preliminary hearing _____

_____

(b) At arraignment and plea _____

_____

(c) At trial _____

_____

(d) At sentencing _____

_____

(e) On appeal _____

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court at approximately the same time?

    Yes ☐  No ☒

17. Do you have any future sentences to serve after you complete the sentence imposed by the judgement under attack?

    Yes ☐  No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgement which imposed the sentence to be served in the future?

    Yes ☐  No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on:

_____
(date)

_____
Signature of Movant

15. Upon securing the aliens in the trailer, **William Geovany Vivar-Lopez** stepped into the gray Ford pick-up truck while Juan Martinez-Méndez, the driver, and the agent boarded the tractor trailer cab At that instant, Special Agents from the U.S. Immigration and Naturalization Service, U.S. Customs Service, and Cameron County Sheriff's office closed in on the tractor trailer rig to make arrests.

16. As agents closed in to secure the staging area, **William Geovany Vivar-Lopez** drove away in the gray pick-up at a high rate of speed leading the pursuing agents and a U.S. Customs Service helicopter through numerous back roads. After a fifteen minute pursuit, **Mr. Vivar-Lopez** abandoned the vehicle and fled on foot. He was arrested a short time later.

17. The co-defendant, Juan Martinez-Mendez was arrested at the staging area along with thirty-four (34) undocumented aliens. The aliens were transported to the Harlingen District I.N.S. office for processing.

Victim Impact

18. There are no identifiable victims of the offense.

Adjustment for Obstruction of Justice

19. The probation officer has no information to suggest that the defendant impeded or obstructed justice.

Adjustment for Acceptance of Responsibility

20. The defendant admits he is guilty of transporting aliens as charged. He admitted his conduct included thirty four (34) aliens as alleged by the government. Based on his admission, it appears he has accepted responsibility for his actions in this case.

Offense Level Computations

21. The 1998 edition of the Guidelines Manual has been used in this case.

    Count 2 - Transporting certain aliens within the United States.

22. **Base Offense Level:** The guideline for violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(A)(v)(ll) is found in U.S.S G § 2L1.1 and calls for a base offense level of twelve (12).     **12**

23. **Specific Offense Characteristic:** On January 7, 1999, the Court made a finding that the defendant's relevant conduct was limited to thirty four (34) aliens. Pursuant to U.S.S G. § 2L1.1(b)(2)(B), a six(6) level increase is applicable.     **+6**

5

24. **Specific Offense Characteristic:** On April 23, 1997, the defendant was convicted of two (2) counts of harboring certain aliens within the United States under Cause No. B-96-00347-01. Pursuant to U.S.S.G. § 2L1.1(b)(3)(A), a two (2) level increase is applicable since the defendant committed the instant offense after sustaining a conviction for a felony Immigration and Naturalization offense. +2

25. **Victim-Related Adjustments:** None. 0

26. **Adjustments for Role in the Offense:** Based on the defendant's role as an organizer, leader, manager, and a supervisor, a two (2) level increase is applicable pursuant to U.S.S.G. § 3B1.1(c). +2

27. **Adjustment for Obstruction of Justice:** None. 0

28. **Adjusted Offense Level (Subtotal):** 22

29. **Adjustment for Acceptance of Responsibility:** The defendant accepted responsibility for his criminal conduct in a timely manner, thereby permitting the government to avoid preparation for trial and permitting the Court to allocate its resources efficiently. Pursuant to U.S.S.G. § 3E1.1(a) and (b)(2), a three (3) level decrease is applicable. -3

  **Chapter Four Enhancements:** None. 0

23. **Total Offense Level:** 19

PART B. DEFENDANT'S CRIMINAL HISTORY

Juvenile Adjudications

30. None.

Adult Criminal Convictions

| | Date of Arrest | Conviction/Court | Date Sentence Imposed/Disposition | Guideline | Pnt |
|---|---|---|---|---|---|
| 31. | 01/12/92 (age 18) | Criminal mischief over $20.00. Cameron County Court at Law No. 2, Brownsville, Texas, Cause No. 92-CCR-1102-B. | 09/09/92: Nolo contendere, 6 months deferred adjudication probation. | 4A1.1(c) | 1 |

The defendant was represented by Gary Ortega. According to Court records, the defendant damaged a windshield on a vehicle. Further details concerning the offense were unavailable

6

| 34. | 02/22/96 (age 22) | Terroristic threat. 357th District Court, Cameron County, Texas, Cause No. 96-CR-393-E. | 05/20/96: No contest - 180 days jail suspended for 180 days probation and fined $500.00. | 4A1.1(c) | 1 |
|---|---|---|---|---|---|

The defendant was represented by Gary Ortega. The case was reduced to a lesser charge as per the plea agreement. Details concerning the offense were unavailable.

| 35. | 11/27/96 (age 23) | Harboring certain aliens within the United States. United States District Court, Southern District of Texas, Brownsville Division, Cause No. B-96-00347-001. | 04/23/97: P/G - 2 counts, 15 months custody of Bureau of Prisons followed by 3 years supervised release.<br><br>Released on 04/28/98. | 4A1.1(a) | 3 |
|---|---|---|---|---|---|

The defendant was represented by Gary Ortega. According to the offense report, **Mr. Vivar-Lopez** and a codefendant had arranged the smuggling, transportation, and harboring of three (3) Guatemala nationals from Matamoros into the United States. After harboring the aliens in Harlingen, Texas, two (2) of the aliens were given bus tickets to travel from Harlingen, Texas to Houston, Texas with specific instructions to make false claim to the immigration checkpoint officials that they were a father and son from Guatemala. They were told by the defendant that if they posed as asylum applicants, they would be detained a short while and given permits to stay in the United States. Upon questioning by officials at the Sarita Border Patrol Checkpoint, the aliens were apprehended and were too nervous to tell their father and son story. The third alien was apprehended a few days later at the Falfurrias Border Patrol Checkpoint while on a bus en route to Houston.

A petition to revoke the supervised release term was filed with the Court on October 8, 1998 alleging the instant offense, transporting certain aliens within the United States, Cause No. B-98-CR-00552-001. The revocation hearing is scheduled on the date of sentence in Criminal Docket No. B-98-00552-01.

Criminal History Computation

36. The criminal convictions above result in a subtotal criminal history score of seven (7).

37. At the time the instant offense was committed, the defendant was on supervised release in Cause No. B-96-00347-001 Pursuant to U S S G § 4A1.1(d), two (2) points are added.