

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 2 1 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| WILLIAM GEOVANY VIVRAR-LOPEZ, | : | DOCKET NO: |
| Movant, | : | B-98-00552-01 |
| | : | |
| VS. | : | B-00-181 |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| RESPONDENT, | : | |

- - - - - - - - - - - - - - -

**MEMORANDUM OF LAW
IN SUPPORT OF 28 U.S.C., §2255 MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

MAY IT PLEASE THIS HONORABLE COURT OF REVIEW:

COMES NOW, William Geovany Vivrar-Lopez (hereinafter) Movant, who respectfully submits this; his memorandum of law, in support of his 28 U.S.C., §2255 motion to vacate, set aside, or correct sentence.

In support thereof, the Movant submits the following (3) issues;

(1). Breach of Plea-Agreement

(2). Constructive Amendment of Indictment

(3). Ineffective Assistance of Counsel

-1-

.

In the instant case at bar, the Movant relies on **APPRENDI VS. NEW JERSEY, 120 S.CT. 2348 (2000)**; as a "watershed rule of law" and **JONES VS. UNITED STATES, 526 U.S. 225, 64 CRL 512 (1999)**. NOTE(1):

Under **TEAGUE VS.LANE, 498 U.S. 288 (1989),** if a new case for which a criminal defendant seeks to have retroactivley applied to him, announces a new procedural rule, **TEAGUE** would apply to bar retroactive application to it---unless, the new case falls under (2) exceptions, which both **APPRENDI VS. JERSEY, 120 S.CT. 2348 (2000)**; and **JONES VS. UNITED STATES, 526 U.S. 225, 64 CRL 512 (1999)** do, mainly **APPRENDI** SUPRA.

The Movant further submits that **APPRENDI supra,** is a "substantive" decision for which retroactive effect must be given because the **APPRENDI** decision renders the Movants indictment defective. The Movant asserts to this Honorable Court of review that, he was prevented him from making this motion, and said claims contained in the  motion by government impediment.  The impediment has been declared by the United States Supreme Court as unconstitutional in **APPRENDI VS. NEW JERSEY, 120 S.CT. 2348 (2000).**

In **APPRENDI supra,** the **HIGH COURT** made clear it is unconstitutional for a legislature to remove from the jury, the assessment of facts that increase, the  prescribed range of penaltiies to which a criminal defendant is exposed.  It is equally clear that such facts must be established by proof beyond a reasonable

-2-

CBMPDF - www.fanto.com

doubt.

The perponderance of the evidence used at the movants sen-
tencing has been declared unconstitutional by the **HIGH COURT**
in **APPRENDI, supra;** thus, it was unavaible at the Movants sen-
tencing.  The governments Attorney has violated this Movant's
Due Process Rights, and the aforementioned impediment has been
removed by **APPRENDI supra;** thus, the Movant is entitle to file
his **28 U.S.C., §2255** motion.

Movant further asserts that because of this impediment,
he has been denied Due Process of Law, and his sentence is illegall;
thus, causing prejudice in the regard of a more severe sentence,
higher than he should have gotten.

The said impediment mentioned earlier is the direct cause
of the said prejudice. Movant submits to this Honorable Court
of review that, his sentence is in direct violation of the United
States Constitution's 5th, 6th, and 14th Amendments.

The Movant further asserts that, The United States Supreme
Court announced in **WILLIAMS V. TAYLOR, 146 L.ED 2d. 409, 410
(2000),** that the anti-retroactivity rule recognized in **TEAGUE**
which prohibits reliance on "new rules" is the functional equivalent
of a statutory provision, commanding exclusive reliance on "clearly"
established law.

The **HIGH COURT** further held; because there is no reason
to believe that congress intended to require federal courts
to ask "both' whether a rule sought on habeas is "new" under
**TEAGUE,** which remains the law-; and also, whether it is clearly

-3-

established under the A.E.D.P.A. , it seems safe to assume that
Congress had congruent concepts in mind.  The court further
held; that it is perfectly clear that, the A.E.D.P.A. [codifies]
TEAGUE, to the extent that TEAGUE requires federal habeas courts
to deny relief that is contingent upon, a rule of law not clearly
establihed at the time a conviction became final.

In **WILLIAMS V. TAYLOR** Id. at pg. 410, The Supreme Court
said; **TEAGUE'S** core principles are therfore relevant to its
construction of this requirement.  The A.E.D.P.A. as drafted
is less than a masterpiece of clarity, Accord, LINDH V. MURPHY
138 L.ED. 2d. 481 (1997).

Several sister circuits including this one have employed
a logic regarding A.E.D.P.A. retroactivity under 28 U.S.C. §2255
(1), 2244(B)(2)(A), and (B)(3) to include retroactive application
post A.E.D.P.A. request for Habeas relief, See; In Re: VAIL
115 F.3d. 270 (4th cir. 1997); In Re; SMITH 142 F.3d. 832, 36
(5th cir. 1998); In Re; HILL 113 F.3d. 181 (11th cir. 1997);
BENNET VS. U.S. 119 F.3d. 470 (7th cir. 1997); RODRIQUEZ 139
F.3d. 270 (1st cir. 1998).  All of these decisions have been
abrogated by the supreme Courts decision in WILLIAMS V. TAYLOR
supra.

The effects of the **WILLIAMS VS. TAYLOR** decision reaches
far into the very essences of the circuits that have adopted
the logic, that retroactivity must be assessed by the Supreme
Court's expressly saying so, or applying the new decision in
a collateral forum-which invalidated TEAGUE VS. LANES supra,
2-pronged test...as opposed to recognizing that the made re-
troactive language in 28 U.S.C. §2255(1), 2255(d)(1), 2244

CUtePDF - www.texisx.com

**(B)(2)(A) and (B)(3)** do not desevre the restrictive gloss applied
by the circuits in construing the term made **retroactive**, as
the Supreme Court makes clear in **WILLIAMS VS. TAYLOR.**

When Congress enacted the **A.E.D.P.A.** it codified the frame
work created by **TEAGUE VS. LANE 103 L.ED 2d. 334 (1989)**, which
established that federal courts may retroactively apply new
rules of law on Habeas Corpus petitions if the rules are "water-
shed" "rules" of criminal procedure implicating the fundamental
fairnesss, and accuracy of the criminal proceeding, **Accord,**
**GRAHAM VS. COLLINS, 122 L.ED 2d. 260 (1993),** that after our
understanding of the bedrock procedural elements, essential
to the fairness of a proceeding.

Unless a new rule of criminal procedure is of such a nature
that without it the likelihood of an accurate conviction is
seriously diminished, there is no reason to apply the rule retro-
actively on Habeas Corpus relief.

The Movant said all of this to say that; **In Re; VAIL 115**
**F.3d. 270 4th cir. 1997);** and cases like to adopting its principle
logic has been abrogated and effectively overruled by the **WILLIAMS**
**VS. TAYLOR supra,** decision.  The **APPRENDI** decision is one of
those cases in which the interest in certainty is clearly implicated
that, the finality interest of **TEAGUE** must be subordinated,
together with cases like **IN RE: WINSHIP, 25 L.ED 2d. 368 (1970)**
and **SULLIVAN VS. LOUISIANA 124 L.ED 2d. 187, 190 (1993)**. (1).
**APPRENDI, supra;** affects the accuracy of ones conviction, and

-5-

arguing , arguendo, whether its a new rule of law, or not-which,
the Movant contends that it is not,(2). there is a another in-
dependent basis upon which to give **APPRENDI** retroactive application.

The Movant argues that **APPRENDI** falls under the second
exception to the **TEAGUE** non-retroactivity rule, that is because,
it seems fairly clear that the **APPRENDI** decision,and its progenies
are necessary to sustain the accuracy of criminal convictions,
insofar, as **APPRENDI** and the line of cases related to it; [1]
strickly insists upon, a standard of proof beyond a reasonable
doubt.

The close link between the reasonable doubt standard, and
the accuracy of the jury's verdict was highlighted by the Supreme
Courts decison in **SULLIVAN V. LOUISIANA**, 124 L.ED. 2d. 182 (1993).
Additionally, in the **APPRENDI** decision, both the dissents, and
concurring Justices spoke extensively on the fact that **APPRENDI**
announced a watershed rule of criminal constitutional law.

The Supreme Court announced in **WILLIAMS V. TAYLOR,supra**;
that, the standard for determining, when a case established a
"new rule' is objective, for such purpose's, the mere existance
of contrary conflicting authority, does not necessarily mean,
a rule is new; **Id. at pp. 396, 97**.

**Without** APPRENDI, the likelihood of an accurate conviction
is seriously diminished.  It is for these reasons that **APPRENDI**
must be given retroactive application to this case.

_____

[1] and cases like **Victor v. Nebraska**, 172 L.ED. 2d. 583 (1994);
**Sawyer v. Smith**, 111 L.ED 193 (1990); **Gideon v. Wainwritght**, 9 L.ED
2d. 799 (1963); **Duncan v. Louisiana**, 20 L.ED. 2d. 491 (1968); and
**Apodaca v. Oregon**, 32 L.ED. 2d. 184 (1972).

The Movant respectfully submits to this Honorable Court
of review that he should be granted, the relief he has requested
in his 28 U.S.C. §2255 motion.

## STATEMENT OF THE FACTS AND CASE

On October 27th, 1998, a federal Grand Jury in Brownsville
Texas returned a three-count indictment against William Geovany
Vivrar-Lopez.  Count one (1): charged conspiracy to transport
certain aliens within the United States, in violation or 8 U.S.C.
§1324(A)(1)(A)(V)(1).  Count two (2): charged certaim aliens
within the United States; in violation of 8 U.S.C. §1324(A)(1)(ii)
and 1324(A)(1)(A)(11).

On January 7th, 1999, the Movant appeared before, the Honorable
Flemon B. Vela, United States District Judge, in the southern
District of Texas, and entered a plea of guilty to count (2);
of the indictment.

Pursuant to a plea-agreement which called for the government
to recommend that, the Movant be sentenced to the low end of
the guidelines, and that he recieve credit for acceptance of
responsibility with the remaining counts to be dismissed.

At sentencing the court adopted the Presentencing Investigation
Report, and proceeded to sentence the Movant for charges, and
enhancements not listed in the indictment.  The Movant objected
to the sentencing enhancements,and to the Presentence Investigation
Report (hereinafter) P.S.I.R., but was denied by the court,
which in fact was a constructive Amendment,and a Breach of Plea-
Agreement.  The Movant will explain how this error and miscarriage
of justice occured.

-7-

## DISCUSSION

As mentioned earlier, the Movant plead guilty, pursuant to a plea-agreement, which stated; in exchange for his guilty plea that, the Movant would be sentenced to the low end of the guidelines, which the Movant believed to be offense level 12 category v, and with three (3) points off for acceptance of responsibility, the offense level would be 9 at category v, which would place, the Movant at sentencing range of 18-24 months, 18 months being, the low end of the sentencing guidelines.

The Movant submits to this Honorable Court of review, that after he entered a plea of guilty to the plea-agreement, the government Breached its agreement, and through the (P.S.I.R.) asked the court to enhance the Movants sentence to offense level 22 catergory v. making an increase in his sentence, from 18 months to 77 months, with (3) points off for acceptance of responsibility than  making the offense level 19 at catergory v., making the sentence 57-77 months, thus, tripeling the sentence agreed  upon in the plea-agreement. And the Movant was also given 3 years supervised release, making the sentence total out to 8 years.

The Movant asserts to this Honorable Court of review that, he has been denied the Due Process of Law, and the Equal Protection of the law, because, the government breached the plea-agreement. The Movant was subjected to a more sever sentence, this has cause this Movant to suffer prejudice beyond calculation.

The Movant submits to this Honorable Court that this error must be corrected.

-8-

## BREACH OF PLEA AGREEMENT
### ISSUE NUMBER (1)

### ARGUEMENT

The Movant plead guilty based upon, the United States Attorney's promise to sentence the Movant to the low end of the sentencing guidelines. The Movant was enhanced, and sentenced to, a sentence higher than that agreed upon in the plea-agreement.

The United States Supreme Courts decision in **SANTOBELLO VS NEW YORK, 404 U.S. 257 (1971); In which the High Court** explained as follows: if a plea of guilty rest on the promise, or agreement of the prosecutor, so that it can be said to be part of an inducement, to waive his rights, such promise must be fullfilled. The Court went on to state that; the disposition of criminal charges by agreement of the prosector, and the accused, sometimes loosely called "plea-bargaining" is an essential componet of the administration of justice, properly administered, it is to be encouraged.

However, all of these considerations presuppose fairness in securing agreements between an accussed, and prosecutor...when such a promise induces a criminal defendant in a criminal proceeding to waive his Fifthe Amendment rights.

Due Process requires that the prosecutors promise must be fullfilled. We hold that once, the defendants good-faith compliance of the terms of the agreement is established, the state and government must perform on its side, and any attempt

-9-

CifvPDF - www.fastio.com

to breach the agreement is per-se, a bad faith prosecution.

The **SANTOBELLO** case, has evolved over a decade in all circuits, so as to become syononymous with the concept of adjudication disputes over broken plea agreements.  It is now hornbook law, that plea agreements are contracts, and that each agreement stands on its oun, upon the facts in each case, and that defendants are entitled to what is reasonably due them, under specific performance, based upon, the circumstance's of the governments promise, and its breach of the terms of that promise.

Here, it is clear that the government has breached its agreement with this Movant; inducing the Movant to plead guilty, and promising him to see to it, he would be sentenced at offense level 12 with 3 points off for acceptence of responsibilty, making the offense level 9 **at catergory V. zone** B of the sentencing guidelines, which is a sentencing range of **18 to 24 months,** the low end  being **18 months.**

Instead of keeping its agreement, per the plea agreement, the government remained silent, when the (P.S.I.R.) was written, asking for enhancements of **6 levels; (at number 23 of the (P.S.I.R.) on page 5 pursuant to U.S.S.g. §2L1.1(B)(2)(B); a six level increase is applicable).**

The (P.S.I.R.) went on to ask for another 2 level enhancement pursuant to **U.S.S.G. §2L.1(B)(3)(A) on page 6 at number 24,** and the (P.S.I.R) further went on to ask   for more enhancements **at number 26 page 6 pursuant to U.S.S.G. §3B1.1(C);** in all total, the Movants offense level was increased by ten points with 3 points off for acceptence of responsibility, making the offense leve; 19.

CutePDF - www.texto.com

The Movants sentence was almost triple of that which was agreed upon in the plea-agreement.  The United States Attorney sought punishment through the (P.S.I.R.), and breached its agreement with the Movant.

In the civil arena it has long been established that, the trial court has power to summarily enforce on motion, a settlement agreement entered into by the litigants, while the litigation is pending before it, AUTERA VS. ROBINSON, 419 F.2d. 1197, 1200 (D.C. cir. 1969).

The long-accepted principles of civil litigation have been given increasing recognition recently in the criminal context, as the courts have come  explicitly to recognize, and encourage plea-bargaining; See: McKENIZE VS. RISLEY, 801 F.2d. 1519, 1527 (9th Cir. 1986); conduct by government prosecutors that in the marketplace would constitute breach of contract, or give rise to promissory estoppel will pratically always reflect constitutionally unfair conduct in transactions between sovereign, and citizen in matters of liberty, and punishment.

The word of the government given in good faith, and for rightful purpose, cannot be oblierated for want of proper form. As a matter of fair conduct, the government ought to be required to honor its agreement, when it appears that (1). an agreement was made; (2). the movant has performed on his side.

The Fifth Circuit Court of Appeals, addressing the government breach of plea-agreement in ROE VS. GRIFFIN 767 F.2d. 496, 524: See also: COHEN VS. UNITED STATES 593 F.2d. 766 (1970); the government ought not be allowed to lure the defendant into a plea on false information, UNITED STATES VS. BATTLE 467 F.2d.569,

-11-

## 570 (1972) fifth circuit.

The government's conduct in telling a prospective defendant that it wants to discuss with him plea-bargaining, and then using the defendants part ot the discussion against him, is totally repugnant, as the drafters of rule 410 realized.

Indeed, this conduct is so fundamentally unfair that it pro-bably constitutes a violation on the Fifth Amendments substantive Due Process Rights. The government placed the Movant in a position where he could either plead guilty, and risk having his sentence enhanced, or refuse to plea bargain, and risk having to face the full wrath of the United States Attorney's Office; and the government still enhanced the Movants sentence, and breached the plea-agreement.

It is shameful for the United States attorney to penalize an individual for pleading guilty in a good faith attempt to respond to overtures initiated by the United States Attorney; See: UNITED STATES VS. ROSS 493 F.2d. 771, 775, (5th cir. 1974); UNITED VS. LIBER 473 F.Suup. 884 (D.C. N.Y.1979); UNITED STATES VS. BAYLIN 697 F.2d. 1030 (3rd. cir. 1982); UNITED STATES VS. GRANDINETTE, 564 F.2d. 723 (5th cir. 1977); UNITED STATES VS. SHAHABAN 574 F.2d. 1228, 1230 (5th. cir. 1978).

In 1935 the United States Supreme Court aptly pointed out to the United States Attorney's obligations which still hold true today:

> The United States Attorney is the respresentive not of an ordinary party to controversy, but of sovereignty, whose obligation  to govern impart-ically is as compelling as its obligation to govern at all; and whose interest, thereof, in a

-12-

criminal prosecution is not that it shall win a
case, but that justice be done.
As such, he is in a peculiar, and very definite
sense the servant of the law, the two fold aim
of which is that guilt shall not escape, or in-
nocence suffer. He may prosecute with earnest-
ness, and vigor; indeed, he should do so, but
while he may strike hard blow, he is not at
liberty to strike foul ones.

It is as much his duty to refrain from improper
methods calculated to produce a wrongful con-
viction, as it is to use every legitimate means
to bring about a just one.

BERGER VS. UNITED STATES, 295 U.S. 78, 88, 55 S.CT. 629, 633,

79 L.ED 1314 (1935). The HIGH COURT"S view point must necessarily

extend to the case, where improper methods are used to influence

the trial court at sentencing. The Movant request that this

Honorable Court resentence him to 18 Months, as agreed to in

the Plea-agreement.

## ISSUE (2)
### CONSTRUCTIVE AMENDMENT TO INDICTMENT
### DISCUSSION

Movant respectfully asserts to the Honorable Court of review

that he has been denied, the Due Process of Law, and the Equal

Protections of the Law, when the governments attorney, through

the (P.S.I.R.) constructively amended the Movants indictment at

sentencing, after, the indictment had been returned by the Grand

Jury.

The Movant entered a plea of guilty to count (2) of a three

count indictment, which charged a violation of 8 U.S.C., §1324

-13-

(A)(1)(A)(ii).

At sentencing, the Movant was sentenced for relevant conduct and further enhanced for sustaining a felony conviction.  He was sentenced as an organizer, leader, manager and a supervisor; none of which was in his indictment.  The Movant will explain how this error and miscarriage of justice occured.

January 7th, 1999, The Movant entered a plea of guilty to count (2) of a three count indictment; charging a violation of 8 U.S.C., §1324 (A)(1)(A)(ii); at sentencing the court adopted the (P.S.I.R.) and proceeded to sentence the Movant for charges not charged in his indictment.

The governments Attorney constructively amended the Movants indictment through the (P.S.I.R) by adding charges not listed in his indictment, which in fact added points to the Movants offense level, increasing the Movants sentence for charges he was never indicted for by a federal Grand Jury.  Movant submits to this Honorable Court he has been violated.

## ARGUEMENT

Movant suggest, this court review this issue under, the United States Supreme Courts decision in: **STIRONE VS. UNITED STATES 361 U.S. 212 (1960)**; wherein, the **HIGH COURT** articulated, once an indictment has been returned its charges may not be broadened through amendment except by, the Grand Jury itself.

A federal court cannot permit a crimianl defendant in a criminal proceeding to be sentenced on charges that are not contained in his indictment.

-14-

Although, the trial court did not permit a formal amendment of the Movants indictment, the force of what the (P.S.I.R.) did was the same.

When a trial court permits, the government of offer evidence regarding charges not taken before a Grand Jury, it is a variance between pleading, and proof; and cannot be dismissed as harmless error, where that variation destroys a defendants substantial Due Process Rights, to be tried only on charges presented in an indictment returned by, a federal Grand Jury.

The very purpose of the requirement of the Fifth Amendment is that, a person be indicted  by a Grand Jury, is for the purpose of eliminating a criminal defendants jeopardy to offenses charged by a group of his fellow citizens, acting independently of either prosecuting attorney, or Judge.

This purpose is defeated by a device, or method which subjects a criminal defendant to prosecution for an act, the Grand Jury did not charge.  Movant asserts to this Honorable Court, the device  used to constructively amend his indictment was the (P.S. I.R.).

The method the United States Attorney choose were charges, the Movant was not indicted for, placed in the (P.S.I.R.), to increase the Movants sentence.  A criminal defendant in all criminal felony proceedings has a right under, the 5th Amendment to have, the Grand Jury make the charge on its own judgement.

This is a substantial right which cannot be taken away with, or without a courts amendment of the indictment ever since  **Exparte Bain, 121 U.S. 1, 30 L.ED, 849, 7 S.CT. 781** was decided in 1887,

-15-

it has been the rule that after an indictment has been returned
its charges may not be broadened through amendment, except by,
the Grand Jury itself.  After an indictment has been charged
it is no longer, the indictment of the Grand Jury, who said
was presented to, yet, the product of the United States Attorney's
office; which in fact violates the rights of a defendant in
a criminal matter, rights that were intended to protect a criminal
defendant in a criminal arena.

These rights were, and are intended to protect by those;
who framed, and abide by the constitution of these United States
of America.

The **BAIN** decision which has never been disproved, nor rejected,
stands for the rule that a court cannot permit a defendant to
be tried, or sentenced on charges that are not made in the in-
dictment against him. **See: UNITES STATES VS. NORRIS, 218 U.S. 619,
622, L.ED 1076, 1077, 50 S.CT. 424 CF CLYATT VS. UNITED STATES
197 U.S. 207, 219, 220, 49 L.ED 726, 730, 731, 25 S.CT. 429:**

In the instant case at bar, the court did permit such a
thing to happen.  The Grand Jury was entitled to find through
testimony, if the Movant should be tried for 34 aliens if in
fact he should be sentence for it, or arrested, and indicted
for it.

The Grand Jury was further entitled to hear testimony if
the Movant was an organizer, leader, manager, and a supervisior.
The United States Attorney was free to go before, the Grand
Jury, and present any facts, of evidence to secure another in-
dictment, yet, the United States Attorney choose not to.

Although, the court did not permit a formal amendment of the indictment, the effect of what the (P.S.I.R.) did was the same; which is neither trivial, nor useless, or innocuous.

While there was a variance in the sense of a variation, between pleading, and proof, the variation here has destroyed this Movants substantial right to be tried, or sentenced only on charges presented in an indictment returned by a Grand Jury.

Deprivation of such a basic right is far to serious to be treated as nothing more than a variance, and dismissed as harmless error.  See: **BERGER VS. UNITED STATES, 295 U.S. 78 L.ED 1314, 55 S.CT. 629.**

In light of the United States Surpreme Court decision in **APPRENDI VS. NEW JERSEY U.S. 120 S.CT. 2348 (2000)**, and **JONES VSL UNITED STATES 526 U.S. 64, CRL 512 (1999)**; in which the **HIGH COURT** STATED: any fact other than prior convictions must be charged in the body of the indictment submitted to a Jury, and proven beyond a reasonable doubt.

The Movant further asserts to this Honorable Court of review, the government was not entitled to ask for enhancements for prior convictions,  The proper vehicle for this is found in federal rules of criminal procedure in 21 U.S.C., §851 proceedings to establish prior convictions, which states in pertinate part:

> **(A) No person who stands convicted of an offense under this part shall be sentenced to increased punishment, by reason of one or more prior convictions, Unless before trial, or before entry of of a plea of guilty, the United States Attorney files an infor-**

-17-

CS.IPDF - www.fasiso.com

**mation with the court stating in
writting the previous convictions
to be relied upon.**

which the government did not do.

The United States sought to back door the court, and short
cut the law, and most importantly, displayed a blatant disregard
for the United States Constitution, and this Movants substantive
Due Process Rights.  The government sought punishment for crimes
not charged in this Movants indictment.

The United States Attorney through the **(P.S.I.R.)** vicariously
inflicted punishment for crimes not charged in this Movants
indictment, and further increased, the Movants sentence in the
criminal history catergory without first filing, a notice of
enhancement as required by law to establish prior conviction.

The Movant submits to this Honorable Court of review, his
conviction, and sentence must be vacated in the interest of
justice, and fundamental fairness with prejudice, and the sentence
must be vacated to correct this error, and miscarriage of justice.

## ISSUE NUMBER (3)

### INEFFECTIVE ASSISTANCE OF COUNSEL

#### DISCUSSION

As mentioned earlier in this motion, the Movant was indicted
by a federal Grand Jury in Brownsville Texas, and named in a
three count indictment.  Count (1) charged conspiracy to trans-
port certain aliens within the United States in violation of
8 U.S.C., **§1324(A)(1)(A)(V)(1);** count (2) and (3) charged transport

-18-

CutePDF - www.cutepdf.com

ing certain aliens within the United States in violation of
8 U.S.C., §1324(A)(1)(A)(ii) and 1324(A)(1)(A)(V)(11).

The Movant entered into a plea-agreement at counsel's
recomendation, and on counsel's advice plead guilty pursuant
to plea-agreement on January 7th, 1999 to count (2) of the in-
dictment.  The remaining counts were dismissed.

Counsel informed the Movant he would be sentenced to 18
months imprisonment, and that he would be sentenced to the bottom
of the guidelines, with no enhancements at sentencing.

The Movants attorney, Mr. Edmund Kcyganiewicz objected
to a two level increase in his criminal history catergory.
Counsel also, argued another (one) point being added to the Movants
criminal history catergory.  Counsel further objected to a (two)
level increase for the Movants role in the offense as, a organizer
leader, manager, and supervisor.  Had counsel taking the time
to refresh his knowledge of the law, he would have known that,
the government had breached the plea-agreement, and acted in
bad faith.

None of the aboved mentioned points were containd in
the plea-agreement, had counsel filed a motion, or alerted the
court that, the government had acted in bad faith, and breached
the plea-agreement, the Movant would not have suffered the pre-
judice of a longer sentence, based on enhancements not included
in the plea-agreement.

Counsel was further incompentant for not alerting the court
by objecting, by motion to the constructive amendment, the govern-
ment made to the Movants indictment, had counsel been informed,
when he took the Movants case of the law, he would have known

-19-

to investigate.  Through investigation counsel would have dis-
covered that the government had violated his 5th, 6th, and 14th
Amendment rights, but for counsel's incomptence, and lack of
skill, and interest in the Movants case, the outcome surely
would have been different.

### ARGUEMENT

The United States Surpreme Court  has established standards
to ensure every criminal defendant recieves effective assistance
of counsel in all criminal proceedings.  This right is guaranteed
under, the United States Constitutions 6th Amendment.  set forth
in those standards is the fact, effective assistance of counsel
is guaranteed through out a criminal defendants entire course
of proceedings, including sentencing, which is a very critical
stage.

Counsel should investigate every possible outcome, and
litigate to achieve the most favorable outcome for his client.
The Movant suggest to this Honorable Court of review that, this
issue be reviewed under the standards set forth in the United
States Supreme Courts decision in, **STRICKLAND VS. WASHINGTON,**
**466, U.S. 685, 80 L.ED 2d. 674, 104 S.CT. 2052**;

The right to counsel is a fundamental right of criminal
defendants in all criminal proceedings.  It assures, a criminal
defendant the fairness, and thus, the legitimacy of our adversary
process, **GIDEON VS. WAINWRIGHT, 372 U.S. 335, 344, 9 L.ED 2d.**
**258, 93 ALR 2d. 733 (1963).**

In **STRICKLAND supra**: **The High Court** explained that assess to counsel;s skill, and knowledge is necessary to afford, a criminal defendant, the ample opportunity to meet the case of the prosecution, to which they are entitled; **STRICKLAND, quoting: ADAMS VS. UNITED STATES, Ex. Rel. McCANN, 317 U.S. 269, 275, 276, 87 L.ED. 263, 63 S.CT. 236, 143 ALR 435 (1942).**

Had counsel taken the time to prepare himself,and reviewed the current law concerning this Movants case,this Honorable Court of review would not be reviewing this motion. Had counsel investigated he would have discovered that, the plea-agreement had been breached, and that the Movants indictment had been constructively amended, and the indictment was due to be dimsissed, because of the constructive amendment.

He would have further discovered that, the United States Attorney had breached the plea-agreement, and acted in bad faith. Had counsel given the Movant the required skill's, and knowledge of a compentent effective counsel the outcome surely would have been different. Because of counsel's total incompentence, the Movant was denied the equal protections of the law, and the Due Process of law, that flows from the Sixth Amendments right to have competent and effective assistance of counsel.

The essence of an ineffective assistance of counsel claim is that counsel's unproffessional errors, so upset the adversarial balance between defense and prosecution that the proceeding was rendered unfair, and the outcome suspect; **STRICKLAND VS. WASH-INGTON at 686**;  **UNITED STATES VS. CRONIC, 466 U.S. 648, 655**

-21-

-657, 80 L.ED. 2d. 657, 104 S.CT. 2039 (1984).

In order to prevail, the defendant show both that, counsels representation fell below and objective standard of reasonableness; STRICKLAND Id. at 688, 80 L.ED. 2d. 674, 104 S.CT. 2052;  UNITED STATES VS. CRONIC, 466 U.S. 648, 655-657, 80 L.ED. 2d. 657, 104 S.CT. 2039 (1984).

In STRICKLAND supra; The HIGH COURT explained that access to counsel's skill, and knowledge is necessary to afford  defendants the ample opportunity to meet the case of the prosecution to which they are entitled;  STRICKLAND quoting: ADAMS VS. UNITED STATES Ex. Rel. McCANN, 317 U.S. 269, 175, 276, 87 L.ED. 268, 63 S.CT. 236, 143 ALR 435 (1942); Counsel...has a duty to bring to bear such skill, and knowledge as will render the trial a reliable adversarial testing process..

Judical scrutiny of counsel's performance must be highly deferential, it is all to tempting for a criminal defendant to second guess counsel's assistnace, and performance after a conviction or adverse sentence, and it is all to easy for a court, examining counsel's defense after it has proved unsuccessful to conclude that a particular act, or ommission of counsel's was unreasonable; CF ENGLE VS. ISSAC, 456 U.S. 107, 133, 134 L.ED. 2d. 783, 102 S.CT. 1558 (1982);  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight.  To reconstruct the circumstances from counsel's perspective at all times; STRICKLAND VS. WASHINGTON, 466 U.S. at 689

-22-

80 L.ED. 2d. 674, 104 S.CT. 2052.

Clearly counsel, Mr. Edmund Kcyganiwicz Esq. simply failed to investigate the best possible outcome in favor òf a lesser sentence, which was part of the plea-agreement, or to file a motion to alert the court that, the United States Attorney had breached the plea-agreement, and more importantly to inform the court by way of motion that, the United States Attorney had constructively Amended this Movnat's indictment. And counsel's incompetence further showed, when he did not bring these issue's up on appeal.

Because of his incompetence, not being based on and informed "strategic" analysis of the mitigating evidence determinative of a favorable outcome for the Movant. He simple was lost and not prepared to handle the Movants case, which cause this Movant to suffer prejudice beyond calculation.

## CONCLUSION

The Movant concludes by saying that his Due Process rights have been violated, and that he has been denied, the effective assistance of counsel, and the equal protections of the law.

The Movant submits to this Honorable Court that, Counsel be deemed ineffective, and that, the Movant be granted all the relief requested in this motion.

The Movant respectfully request that he be sentenced to 18 months as agreed upon in the plea-agreement, or in the alternative dismiss the indictment with prejudice. **See Attachments of the (P.S.I.R.)** with this motion.

-23-

Pursuant to **HAINES VS. KENNER**: the Movant ask this Honorable Court to construe his motion liberally as Movant is a Pro-Se litigant, and has articulated this motion to the best of his ability.

## PRAYER

The Movant prays that this Honorable Court of review grant him all the relief requested, and any other relief this Honorable Court deems appropriate. The Movant puts his faith in God, and his trust in this Honorable Court of review's wisdom, and guidance in this matter.

Respectfully Submitted

William Geovany Vivrar-Lopez
NO; 62678-079
U.S.P. Beaumont
P.O. BOx 26030
Beaumont, Texas 77720-6030

## CERTIFICATE OF SERVICE

I hereby certify that 3 copies of this motion were mailed to the clerk of courts for the Southern District of Texas, Brownsville Division.

Respectfully Submitted

William Geovany Vivrar-Lopez
NO: 62678-079
U.S.P. Beaumont
P.O. Box 26030
Beaumont, Texas 77720-6030

-25-