3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

DEC 11 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| WILLIAM GEOVANY VIVRAR-LOPEZ § | |
| § | |
| v.   § | CIVIL ACTION NO. B-00-181 |
| § | (CRIMINAL NO. B-98-552) |
| UNITED STATES OF AMERICA § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Pursuant to 28 U.S.C. § 2255, Petitioner, William Geovany Vivrar-Lopez, now files a timely motion to vacate, set aside, or correct his sentence.[1] This Court entered Petitioner's conviction and sentence on April 6, 1999, pursuant to a plea agreement between himself and the government.[2] On May 5, 2000, and again on August 18, 2000, the Fifth Circuit Court of Appeals affirmed Petitioner's sentence and denied or dismissed his requests for appellate relief.[3] Petitioner claims, however, that he is eligible for § 2255 relief because his plea agreement entitled him to a shorter sentence than the one he has received. Specifically, Petitioner alleges that (1) the Government "constructively amended" Petitioner's indictment during sentencing; (2) the Government breached Petitioner's plea agreement by failing to recommend that he be sentenced at the low end of the sentencing guidelines; (3) Petitioner's counsel was ineffective for failing to object when the government breached the plea agreement and constructively amended Petitioner's indictment.[4] Asserting numerous violations of his constitutional rights, Petitioner now asks this court to vacate that portion of his sentence which exceeds the original 18-month sentence agreed upon in his plea agreement.[5]

---

[1] See B-00-181, Pleading No. 1.

[2] See B-98-552, Pleading No. 42.

[3] See B-98-552, Pleadings No.'s 47, 56.

[4] Supra FN1.

[5] Id. page 23.

1

## **LEGAL ANALYSIS**

Petitioner Vivrar-Lopez has failed to assert a cognizable § 2255 claim because his sentence does not exceed the statutory maximum sentence prescribed by law.[6] Although Petitioner claims that the Government breached its plea agreement and effectively amended his original indictment to include more facts than were originally alleged, this Court need not reach these arguments because Petitioner cannot show that these acts violated any of his constitutional rights.[7] Under the terms of Petitioner's own, signed plea agreement, this Court had discretion to impose any sentence upon him that did not exceed the maximum limits prescribed by 8 U.S.C. § 1324.[8] Because Petitioner's sentence is within that statutory maximum, and because Petitioner was informed of the Court's right to depart from the Government's recommendation, the Government's alleged wrongdoings do not provide Petitioner with a cognizable § 2255 claim. For the very same reasons, Petitioner's ineffective assistance of counsel claim must fail.

Moreover, Petitioner's claims are directly contradicted by his own records and plea agreement. Specifically, Petitioner's plea agreement makes clear that he was not promised any specific sentence in exchange for pleading guilty. Petitioner's signed agreement repeatedly states that any estimations given to Petitioner regarding the length of his sentence are merely predictions, not promises. Petitioner's court proceedings and plea agreement also reveal that Petitioner was aware of the Government's right to dispute "facts material to sentencing" in conjunction with the preparation of the Probation Office's presentence investigation report.[9] Accordingly, even if Petitioner had asserted a cognizable § 2255 claim, the factual inaccuracy of his assertions would prevent this Court from granting his Motion.

---

[6] *Apprendi v. New Jersey,* --- U.S. ----, 120 S.Ct. 2348, 2362-63 147 L.Ed.2d 435 (2000) (holding: "Other than the fact of prior conviction, any fact that increases penalty for crime *beyond prescribed statutory maximum* must be submitted to jury, and proved beyond reasonable doubt.) (emphasis added); *United States v. Keith,* 230 F.3d 784, 787 (5th Cir. 2000) (holding that *Apprendi* should only apply when a defendant's sentence exceeds the statutory maximum, and not when a sentence is enhanced within the statutory range").

[7] *United States v. Keith,* 230 F.3d 784 at 786-87.

[8] 8 U.S.C. §§ 1324 (a)(1)(A)(ii) & (a)(1)(B)(ii) (1999).

[9] *See* B-98-552, Pleading No. 25, page 5.

## RECOMMENDATION

For the above-stated reasons, it is recommended that Petitioner's § 2255 Motion be dismissed. Because Petitioner has failed to allege any facts which show that he is entitled to relief, this Court may summarily dismiss Petitioner's Motion.[10] A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir.1996).

DONE in Brownsville, Texas this 11th day of December, 2000.

_____
Felix Recio
United States Magistrate Judge

---

[10] See *United States v. Smith,* 915 F.2d 959, 964-65 (5th Cir.1990).