4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 2 2 2000

Michael N. Milby
Clerk of Court

WILLIAM GEOVANY VIVRAR-LOPEZ,      )
                                   )
              Movant,              )
                                   )
     -vs-                          )   CIVIL ACTION NO. B-00-181
                                   )
UNITED STATES OF AMERICA,          )   CRIMINAL NO. B-98-552
                                   )
_____Respondent.___)

MOVANT'S RESPONSE TO THE
UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

MAY IT PLEASE THIS HONORABLE COURT OF REVIEW:

COMES NOW, William Geovany Vivrar-Lopez, (hereinafter the
Movant), who respectfully submits this, his response to the United
States Magistrate Judge's Report and Recommendation.

The Movant asserts to this Honorable Court of Review that
the Magistrate Judge's Report and Recommendation must be rejected
for several reasons which the Movant will explain.

First, the Movant directs the Court's attention to his
indictment. The Movant was indicted for 8 U.S.C. §1324(a)(1)(A)
(V)(1). The Movant entered into a plea agreement to Count two (2)
of his indictment which charged a violation of 8 U.S.C. §§1324(a)
(1)(A)(ii) and §1324(a)(1)(A)(11) on January 7, 1999. The Movant
appeared before this Honorable Court and pursuant to a plea agree-
ment between the government and the Movant, pled guilty specific-
ally. The agreement between the Movant and the Government called
for the Movant to enter a plea of guilty to count two (2) of the
indictment in exchange for the government to recommend to the

court that the Movant would be sentenced to the low end of the
guidelines.  The low end of the guidelines being 18 months.  A
Pre-Sentence Investigation Report was ordered by the court. The
(P.S.I.R.) called for a higher sentence than the one agreed upon
by the Movant and the government.  The Movant objected to the
(P.S.I.R.) recommendation because the (P.S.I.R.) added charges that
were not in the Movant's indictment.  The Movant did not enter
into his plea of guilty knowingly or intelligently.  The Movant
was led to believe that he would receive 18 to 24 months and that
he would be sentenced to 18 months because he was informed by
the United States attorney that he, the Movant, would be sentenced
to 18 months.  It is for this reason the Movant pleaded guilty.
If a plea of guilty rests on a promise or agreement of the prose-
cution, so that it can be said to be part of an inducement to
waive his rights, due process requires that the prosecution's pro-
mise must be fullfilled.  See; SANTOBELLO V. NEW YORK, 404 U.S.
257 (1971)  It was not the Court who made the promise in the plea
agreement, it was the government's attorney who was negotiating
for the Movant's guilty plea.  This Honorable Court must in the
interest of justice and fundamental fairness re-sentence the Movant
to what the government promised in exchange for the Movant waiving
his Fifth Amendment rights.  The government further constructively
amended the Movant's indictment by adding points to his offense
level.

### ARGUMENT

The Movant suggests that this Court review this issue under
the United States Supreme Court's decision in STIRONE V. UNITED
STATES, 361 U.S. 212 (1960) wherein the United States Supreme Court
articulated once an indictment has been returned, its charges may

CMPDF - www.fastio.com

not be broadened through amendment except by the grand jury itself.
A federal court cannot permit a criminal defendant in a criminal
proceeding to be sentenced on charges that are not contained in
his indictment.  Although the trial did not permit a formal amend-
ment of the Movant's indictment, the force of what the (P.S.I.R.)
did was the same.  When a trial court permits the government to
offer evidence regarding charges not taken before a grand jury,
it is a variance between pleading and proof, and cannot be dismissed
as harmless error where that variation destroys a defendant's sub-
stantial due process rights to be tried only on charges presented
in an indictment returned by a grand jury.  The very purpose of
the purpose of the requirement of the Fifth Amendment is that a
person be indicted by a grand jury is for the purpose of eliminating
a criminal defendant's jeopardy to offense charged by a group of
his fellow citizens acting independently of either prosecuting
attorney or judge.  This purpose is defeated by a device or method
which subjects a criminal defendant to prosecution for an act the
grand jury did not charge.  The Movant assets to this Honorable
Court of Review that the device to constructively amend his indict-
ment was the (P.S.I.R.) to increase the Movant's sentence.  A
criminal defendant in all criminal proceedings has a right under
the Fifth Amendment to have the grand jury make the charge on its
own judgement.  This is a substantial right which cannot be taken
away with or without a court's amendment of the indictment.  Ever
since **EXPARTE BAIN**, 121 U.S. 1, 30 L. Ed. 849, 7 S.Ct. 781 was
decided in 1887, it has been the rule that after an indictment has
been returned, its charges may not be broadened through amendment
except by the grand jury itself.  After an indictment has been

-3-

charged, it is no longer the indictment of the grand jury, who said was presented to, but the product of the United States Attorney's Office, which, in fact, violates the rights of a defendant in a criminal matter. Rights that were intended to protect a criminal defendant in a criminal arena. These rights were and are intended to protect by those who framed and abide by the U.S. Constitution.

The **BAIN** decision, which has never been disproven or rejected, stands for the rule that a court cannot permit a defendant to be tried or sentenced on charges that are not made in the indictment against him. See; <u>UNITED STATES V. NORRIS</u>, 281 U.S. 619, 622, L. Ed. 1076 1077, 50 S.Ct. 424; <u>CF CLYATT V. UNITED STATES</u>, 197 U.S. 207, 219 220, 49 L. Ed. 726, 730, 731, 25 S.Ct. 429

In the instant case at bar, the Court did permit such a thing to occur. The grand jury was entitled to find through testimony if the Movant should be tried for 34 aliens if in fact he should be sentenced for it or arrested and indicted for it. The grand jury was futher entitled to hear testimony if the Movant was an organizer, leader, or manager and a supervisor. The United States Attorney was free to go before the grand jury and present any facts of evidence to secure another indictment. Yet, the United States Attorney chose not to. Although the Court did not permit a formal amendment of the indictment, the effect of what the (P.S.I.R.) did was the same, which is neither trivial or useless or innocuous. While there was a variance in the sense of a variation between pleading and proof, the variation here has destroyed the Movant's substantial right to be tried or sentenced only on

-4-

charges presented in an indictment returned by a grand jury.  De

privation of such a basic right is far too serious to be treated

as nothing more than a variance and then dismissed as harmless

error.  See; BERGER V. UNITED STATES, 295 U.S. 78, 79 L. Ed. 1314

55 S.Ct. 629.

In light of the United States Supreme Court's decision in

APPRENDI V. NEW JERSEY, 120 S.Ct. 2348 (2000) and JONES V. UNITED

STATES, 526 U.S. 225 64 CRL 512 (1999) wherein the High Court

stated that any fact (other than prior convictions) must be

charged in the body of the indictment, submitted to a jury and

proven beyond a reasonable doubt.  The Movant further asserts to

this Honorable Court of Review that the government was not entitled

to ask for an enhancement for prior convictions.  The proper ve-

hicle for this is found in the Federal Rules of Criminal Procedure

in 21 U.S.C. §851 Proceedings to establish prior convictions, which

states in pertinent part:

> (a) **No person who stands convicted of an offense**
> **under this part shall be sentenced to increased**
> **punishment by reason of one or more prior**
> **convictions unless before trial, or before**
> **entry of a plea of guilty the United States**
> **Attorney files an information with the court**
> **stating in writing the previous convictions to be**
> **relied upon. . .**

The Movant asserts to this Honorable Court that the government did

not do this as required.  The United States government sought to

back-door the court and short cut the law and most importantly,

displayed a blatant disregard for the United States Constitution

as well as this Movant's substantial Due Process rights.  The

government sought punishment for crimes not charged in the Movant's

indictment.  The United States Attorney, through the (P.S.I.R.),

vicariously inflicted punishment for crimes not charged in the
Movant's indictment and further increased the Movant's sentence
in the criminal history category without first filing a notice
of enhancement as required by law to establish prior convictions.
The Movant submits to this honorable Court of Review that his
conviction and sentence be vacated in the interest of justice
and fundamental fairness.  The indictment must be dismissed with
prejudice to correct this error and miscarriage of justice.

The Magistrate Judge's Report and Recommendation must be
rejected because it miscontrues APPRENDI V. NEW JERSEY, 120 S.Ct.
2348 147 L. Ed. 2d 435 (2000).  In APPRENDI, the United States
Supreme Court examined a New Jersey hate crime statute that allowed
a trial judge to impose an extended term of imprisonment, if he or
she found by a preponderance of the evidence.  In determining a
distinction between elements and sentencing factors, APPRENDI
found the relevant inquiry to be whether the required factual
finding authorized by the jury's verdict, Id. at 2265.  APPRENDI,
building on JONES V. UNITED STATES, 526 U.S. 119 S.Ct. 1215, in
which the United States Supreme Court articulated:

> "Much turns on the determination that a fact
> is an element of an offense rather than a
> sentencing consideration, given that elements
> must be charged in the indictment, submitted
> to a jury, and proven by the government beyond
> a reasonable doubt.  Id. at 232 119 S.Ct. 1215

The preponderance of the evidence standard used to sentence
the Movant cannot be viewed as mere sentencing factors given JONES
and APPRENDI as APPRENDI's burden of proof and jury requirements.
It is unconstitutional for a legislature to remove from the jury the
assessment of facts that increase the prescribed range of penalties

-6-

to which a criminal defendant is exposed.  It is equally clear
that such facts must be established by proof beyond a reasonable
doubt, APPRENDI, supra.  The Court went on to state that the pre-
ponderance of the evidence standard, in light of the constitution-
al rule explained in APPRENDI and all the cases supporting it,
cannot stand.  See also; UNITED STATES V. GAUDIN, 515 U.S. 506,
510 (1995); SULLIVAN V. LOUISIANA, 508 U.S. at 364. (The Due Pro-
cess Clause protects the accused against conviction except upon
proof beyond a reasonable doubt of every fact necessary to consti-
tute the crime with which he is charged).  Since WINSHIP, the
High Court has made clear beyond peradventure, that WINSHIP's
due process and associated jury protections extend, to some degree,
to determinations that [go] not to a defendant's guilt or inno-
cence, but simply to the length of his sentence.  See also;
MULLANEY V. WILBUR, 421 U.S. at 697-698, stating:

> "Because the consequences of a guilty verdict
> for murder and for manslaughter differed
> substantially, we dismissed the possibility
> that a state could circumvent the protec-
> tions of WINSHIP merely by redefining the
> elements that constitute the different
> crimes, characterizing them as factors that
> bear solely on the extent of punishment."

It is further important to note that five United States Supreme
Court Justices have stated that ALMENDAREZ-TORRES was decided in-
correctly and that:

> ". . .that a logical application of our
> reasoning today should apply if the recid-
> ivist issue were contested. . ."

The High Court stated in sum that:

> . . .Our re-examination of our cases in this
> area, and of the history upon which they
> rely. . ."

-7-

the magistrate judge has virtually ignored the pedigree of the
pleading requirement at issue.  The rule was succinctly stated
by Justice Clifford in **UNITED STATES V. RESSE**, 92 U.S. 214, 232
233 (1876)  The indictment must contain an allegation of every
fact which is legally essential to the punishment to be inflicted.
The system envisioned by the Constitution guarantees trial by
jury.  What ultimately demolishes the Magistrate Judge's Report
and Recommendation is that he is unable to say what the right
to trial by jury does guarantee--what it has been assumed to
guarantee throughout our history--the right to have a jury deter-
mine those facts beyond a reasonable doubt.  Magistrate Judge
Felix Recio proceeds on the erroneous and all too common assump-
tion that the Constitution means what we think it ought to mean.
It does not.  It means what it says and the guarantee that in all
criminal prosecution the accused shall enjoy the right to. . .
trial by an impartial jury.  No person shall be held without
first presentment or indictment by a grand jury for a capital or
otherwise infamous crime, Amendments 5 and 6.  No fact tried by
jury shall be otherwise re-examined in any court of the United
States.  The enumeration in the Constitution of certain rights
shall not be construed to deny or disparage others retained by
the people, Amendments 7 and 9.  Once the Movant entered a plea
agreement which he was assured by the United States Attorney
would be upheld in exchange for his guilty plea.  The Fifth
Amendment's Due Process Clause requires that the Movant receive
the sentence he was assured he would receive.  The Movant's sixth
Amendment Due Process rights require that he be given proper notice

-8-

of the charges he faces.  This cannot be done in the (P.S.I.R.),
as the (P.S.I.R.) is in direct violation of the Movant's 7th
Amendment Due Process rights.  Since the (P.S.I.R.) does in
fact re-examine facts already tried.  It cannot be used in this
Honorable Court to re-examine any facts already tried.  The
Movant can't be denied his substantial due process rights guar-
anteed to all criminal defendants in all criminal proceedings.
The enumeration in the Constitution of certain rights shall not
be construed to deny or disparage others retained by the people.

## CONCLUSION

In conclusion, the Movant humbly and respectfully says to
this Honorable Court of Review that the Magistrate Judge's Report
and Recommendation must be rejected.  The cases the Magistrate
Judge relies upon have all been abrogated by **APPRENDI V. NEW JERSEY.**

The Magistrate Judge's opinion is misguided and his recommen-
dation is misplaced on case law that is no longer considered good
law.  The Movant should be granted all the relief he requested in
his 28 U.S.C. §2255 Motion and any other relief this Honorable
Court of Review deems appropriate.

## PRAYER

The Movant puts his faith in God and his trust in this
Honorable Court's wisdom and guidance in this matter and he prays
that this Honorable Court grant him permission to proceed with his
28 U.S.C. §2255 Motion

-9-

# CERTIFICATE OF SERVICE

I hereby certify that 3 copies of this response were mailed to:
(1) was mailed to the Honorable Felix Recio, United States Magistrate Judge, (1) copy was mailed to the Honorable Filimon B. Vela, United States District Court Judge, (1) copy was mailed to the Clerk of the Courts, Southern District of Texas, Brownsville Division on this 18 day of Dec , 20000.


                                    Respectfully Submitted,

                                    William Geovany Vivrar-Lopez
                                    No. 62678-079
                                    U.S.P. Beaumont
                                    P.O. Box 26030
                                    Beaumont, Texas 77720-6030