United States District Court
Southern District of Texas
ENTERED

JUL 2 5 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| WILLIAM GEOVANY VIVRAR-LOPEZ | * |
| | * |
| VS | *   C.A. NO. B-00-181 |
| | * |
| UNITED STATES OF AMERICA | *   (Cr. No. B-98-552) |

**MEMORANDUM ORDER DENYING**
**MOTION FOR CERTIFICATE OF APPEALABILITY**

Before this Court is Petitioner William Geovany VIVRAR-Lopez' Motion for Certificate of Appealability (Docket No. 6). VIVRAR-Lopez' Petition, pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody was denied by this Court for failure to assert a cognizable § 2255 claim.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, converted the "certificate of probable cause" that was required as a prerequisite to an appeal from the denial of a petition for federal habeas corpus relief into a "certificate of appealability."[1] A certificate of appealability will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right.[2] To make

---

[1]  *Reyes V. Keane*, 90 F.3d 646, 680 (2nd Cir. 1996).

[2]  *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 Ct.3383, 3394, 77 L.Ed.2d 1090 (1983).

2

such a showing, the petitioner need not show that he should prevail on the merits, but rather must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.[3]

This Court has read Petitioner's Motion in light of the record and the mandates of AEDPA and has concluded that Petitioner has failed to make a substantial showing of a denial of a constitutional right.

Accordingly, Petitioner's Motion for Certificate of Appealability is hereby **DENIED**. DONE at Brownsville, Texas, this ____ day of July 2001.

_____
Hilda G. Tagle
United States District Judge

---

[3]  *Id.* at 893. (quoting from *Adanandus v. Johnson*, 947 F.Supp. 1098.)